[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Scott Merrell, filed an amended complaint on May 20, 1996, against the defendants, Earl Atkins and Donna Atkins. The plaintiff claims that the defendants entered onto his property in May 1993, and cut down two of his trees. The plaintiff is suing for a violation of General Statutes § 52-560, nuisance, trespass, and reckless and wanton conduct. The defendants filed a motion to strike the nuisance count, accompanied by a supporting memorandum on July 22, 1996. The plaintiff filed a memorandum in opposition to the motion to strike on October 28, 1996.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in CT Page 769 the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996).
The defendants contend that the second count of the plaintiff's amended complaint is legally insufficient because the plaintiff has not alleged the required elements for a nuisance action. In opposition, the plaintiff claims that the defendants' actions created a nuisance by clearing the view of the local power plant which had previously been blocked by the two trees.
In order to sustain a cause of action for nuisance, the following elements must be shown: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages." (Internal quotation marks omitted.) State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183, 527 A.2d 688 (1987).
The plaintiff has not alleged facts sufficient to support the third element of a nuisance cause of action; unlawful or unreasonable use of the land. In State v.Tippetts-Abbett-McCarthy-Stratton, supra, 204 Conn. 183, the court held that "[Connecticut] case law has established no bright-line test to determine when a defendant's connection to a particular parcel of property suffices to make it an unreasonable or unlawful `user' of that property. While the defendant in a nuisance action frequently is the owner of the property alleged to be the source of nuisance . . . property ownership is not a prerequisite to nuisance liability." (Citations omitted.) Id., 183-84. "Despite its broad language, [the Tippetts] case does not dispense with the requirement that the nuisance which is the subject of the plaintiff's suit must be located on, or must emanate from, a neighboring parcel of land. Rather, this case stands for the proposition that a plaintiff may bring a nuisance action against a tenant in possession of a neighboring parcel of land, provided that the defendant-tenant `exercises control over the property that is the source of [the] nuisance.'" Wiehl v. DictaphoneCorp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306492 (January 13, 1994, Maiocco, J.).
"Like the other elements of the tort of nuisance, the CT Page 770 question of whether a defendant maintains control over property sufficient to subject him to nuisance liability normally is a jury question." State v. Tippetts-Abbett-McCarthy-Stratton,
supra, 204 Conn. 185. In the present case, however, even if the pleadings are considered in a light most favorable to the nonmoving party, there are no facts alleged that demonstrate the defendants assumed any control over the plaintiff's property.[1] The defendants' motion to strike is granted.
RYAN, J.